IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BOBBY WAYNE WALLEY                                                       PETITIONER

VS.                                            CIVIL ACTION NO. 4:10cv71-DPJ-FKB

CHRISTOPHER EPPS                                                  RESPONDENT

## **REPORT AND RECOMMENDATION**

### **I. INTRODUCTION AND PROCEDURAL HISTORY**

Bobby Wayne Walley (Walley) and his wife, Kala Walley, were indicted in the Circuit Court of Wayne County, Mississippi, for statutory rape and lustful touching of a child. Each pled guilty to the charge of a sexual battery of a child. Bobby Walley entered into a plea agreement providing that he would plead guilty "in the blind with a 15 year cap on time served." His wife's plea agreement provided that she would plead guilty "in the blind" with a "5 year cap." Bobby Walley was sentenced to a term of twenty years, with five years suspended and fifteen years to serve, followed by three years of supervised probation. Walley's wife was sentenced to a term of twenty years, with fifteen years suspended and five years to serve.

Thereafter Walley filed a motion pursuant to Mississippi's post-conviction statute seeking to be re-sentenced, arguing that he should have received the same sentence as his wife. Specifically, he argued that his sentence was disproportionate to his wife's and that he had been discriminated against in sentencing because of his gender. The trial court denied the motion, and the Mississippi Court of Appeals affirmed. *Walley v. State*, 25 So. 3d 386 (Miss. Ct. App. 2009). Walley's petition for a writ of certiorari to the

Mississippi Supreme Court was denied.

Walley then filed the present petition seeking federal habeas relief pursuant to 28 U.S.C. § 2254 raising the following grounds for relief:

1. Walley's sentence violates the Eighth Amendment, in that it is harsh and disproportionate to the sentence received by his co-defendant.

2. The sentence imposed on Bobby Walley presents a prima facie case of gender discrimination.

## II. ANALYSIS

Walley presented both of these claims to the state court in his post-conviction motion. The state court of appeals rejected the first ground for relief on three alternative bases. Citing to *Solem v. Helm*, 463 U.S. 277 (1983), the court found that Walley had failed to make a threshold showing of gross disproportionality such as to require further analysis as to the constitutionality of his sentence. The Mississippi Court of Appeals also held that Walley's claim was procedurally barred under Miss. Code Ann. § 99-39-21(1), as Walley had failed to raise the issue at his sentencing hearing. Finally, the court observed that Walley had entered his guilty plea with full knowledge of the terms of his wife's agreement and the disparity in the recommended sentences.

Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Coleman doctrine applies even if the state court reaches the

2

merits of the claim, as long as "the state court decision indicates clearly and expressly that it is alternatively based on bona fide separate, adequate, and independent grounds." *Florida v. Powell*, 130 S.Ct. 1195, 1202 (2010) (quoting *Michigan v. Long*, 463 U.S. 1032, 1042 (1983)). Walley has failed to allege any reason that the *Coleman* rule does not bar this claim. Accordingly, this Court may not review the merits of ground one.

The state court of appeals considered and rejected on the merits Walley's claim that his sentence constituted gender discrimination in violation of the Fourteenth Amendment. This court's review of ground two is therefore constrained by the highly deferential standard set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief only if the state court's rejection of Walley's claim involved "an unreasonable application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States" or "an unreasonable determination of the facts" in light of the evidence presented to the state court. *Id.* The Supreme Court has repeatedly emphasized that " 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect, but also "objectively unreasonable." *Renico,* 130 S.Ct. at 1862 (quoting *Williams*, 529 U.S. at 409).

Walley and his wife were charged in a two-count indictment of statutory rape and

3

lustful touching of a child.  The charges stemmed from a single episode involving the Walleys and a fifteen-year-old female.  Bobby Walley negotiated a plea agreement that provided that in exchange for a plea of guilty to the charge of sexual battery of a child, the state would not recommend a sentence but would recommend that Walley serve no more than fifteen years in prison.  His wife, represented by separate counsel, agreed to plead guilty to sexual battery of a child in exchange for a recommendation that, whatever her sentence, she would serve no more than five years.   Walley and his wife entered their guilty pleas at a joint hearing, at which the judge carefully went over the terms of both plea agreements.  The judge explained that sexual battery of a child carried a penalty of not less than twenty years, no more than life, with no possibility of early release. The judge also informed Walley and his wife at the guilty plea hearing that he would honor the agreements each had reached, *i.e.*, that he would suspend any portion of the sentences that exceeded the caps to which they had agreed.  Thus, when Walley entered his plea, he knew that both he and his wife would be sentenced to no less than twenty years and no more than life, that his wife would be sentenced to serve no more than five years, and that he would be sentenced to serve no more than fifteen years.   Walley does not allege that he was misled in any way regarding his plea agreement, nor does he allege that his counsel was ineffective.  For these reasons, the undersigned concludes that Walley freely, intelligently, and knowingly waived any right to receive the same sentence, with the same time to be served, as his co-defendant.

But even in the absence of waiver, Walley's claim would have no merit.  Walley argues that the Fourteenth Amendment prohibits discrimination in sentencing based upon

4

sex.  While no United States Supreme Court case has specifically held as such, the Supreme Court's Fourteenth Amendment jurisprudence in the area of discrimination in the criminal process leaves no doubt that sex-based discrimination in sentencing is unconstitutional.  *See, e.g., J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127 (1994) (intentional discrimination on basis of sex in jury selection violates of Equal Protection Clause); *Batson v. Kentucky*, 476 U.S. 79, 88 (1986) ("the Fourteenth Amendment protects an accused throughout the proceedings bringing him to justice"); Furthermore, this principle is "clearly-established" for purposes of 28 U.S.C. § 2254(d).  *See Reed v. Quarterman*, 504 F.3d 465, 471 (5th Cir. 2007) (habeas relief may be granted where a state court "unreasonably refuses" to extend a clearly-established legal principle "to a new context where it should apply.").

However, this principle provides no basis for relief in the present case because Walley and his wife were not similarly situated.  It is true that they were charged with and pled guilty to identical crimes.  But they did not enter into identical plea agreements.  Moreover, there is nothing in the record - either direct or circumstantial - to indicate that the judge was motivated by a discriminatory purpose.  To the contrary, the disparity in the sentences was clearly the result of a neutral factor:  the parties' relative plea agreements and the state's recommendations.   Indeed, in his order denying post-conviction relief, the judge explained the sentences by stating that he had given each defendant the minimum statutory sentence and had then suspended portions of the sentences consistent with the defendants' agreements with the state.  For these reasons, the undersigned concludes that the state court's rejection of Walley's Fourteenth Amendment claim was not based

5

upon an unreasonable application of clearly established Supreme Court law.

### III. CONCLUSION

Walley has procedurally defaulted the claim set forth in ground one. No relief is warranted on ground two.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 21st day of May, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE