UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BOBBY WAYNE WALLEY                                                                               PETITIONER

VS.                                                                          CIVIL ACTION NO. 4:10cv71-DPJ-FKB

CHRISTOPHER EPPS                                                                              RESPONDENT

ORDER

This habeas petition is before the Court on the Report and Recommendation [14] of the United States Magistrate Judge after referral.  Petitioner Bobby Wayne Walley generally contends that his sentence following a guilty plea was disproportionate when compared to the sentence received by his wife and co-defendant Kala Walley.  He also claims that the sentence violated the Equal Protection Clause of the United Stated Constitution.  United States Magistrate Judge F. Keith Ball recommended denying the petition, Walley filed Objections [15], but the Court finds that the Report and Recommendation should be adopted consistent with this Order.

I.     Background

Walley and his wife Kala were indicted in the Circuit Court of Wayne County, Mississippi, for statutory rape and lustful touching of a child.  Before trial, the Walleys entered separate plea agreements with the prosecution in which they agreed to plead guilty to the charge of sexual battery of a child.  Bobby's agreement included a cap on his term of incarceration at 15 years.  His wife's included a 5-year cap.  These agreements were announced in open court and in Walley's presence before he pleaded guilty.

On October 23, 2006, the trial court sentenced the Walleys, giving Bobby 15 years to serve and Kala three.  More than seven months later, on May 31, 2007, Walley filed a "Motion to Re-Sentence Pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act."  State

Ct. R. [12-1] at 5. In that motion, Walley raised the same arguments he now raises in his habeas petition: (1) his sentence was disproportional, and (2) it violated the Equal Protection Clause of the United States Constitution when compared to his wife's sentence.

The Mississippi Court of Appeals rejected the first argument as procedurally barred and lacking in merit and rejected the second argument on the merits. The matter is now before this Court under 28 U.S.C. § 2254. As Judge Ball concluded in his Report and Recommendation, Walley's proportionality argument is procedurally barred in this Court. His equal-protection argument fails under the deferential standards of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d). This Order addresses the more specific arguments raised in Walley's Objections.

II.     Objections

    A.     The Proportionality Argument is Procedurally Barred

A federal court "may not review a habeas claim 'if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both *independent* of the merits of the federal claim and an *adequate* basis for the court's decision.'" *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012) (citing *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001)). The Mississippi Court of Appeals did just that when it applied Mississippi Code section 99-39-21(1) to bar Walley's proportionality argument. *Walley v. State*, 25 So. 3d 386, 390 (Miss. Ct. App. 2009).

Section 99-39-21(1) states that failure to raise objections "at trial and/or [on] direct appeal" constitutes waiver, and it has been interpreted as providing "an independent state procedural bar." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). "The question, then, is

whether this bar is 'adequate,' and this hinges on whether Mississippi has strictly or regularly applied it." *Id.* (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). Thus, Walley bears the "burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal." *Id.* (citing *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996)).

Walley attempts to overcome section 99-39-21(1) in three ways. First, he contends that the statute applies only when the defendant proceeds to trial. Second, he argues that he raised his proportionality issue on direct appeal when he brought his motion for re-sentencing. Third, he argues that allowing the bar to stand would produce a fundamental miscarriage of justice. None of these arguments prevails.[1]

First, Mississippi does not limit section 99-39-21(1) to actual trials and has instead interpreted the section as applying to proceedings at the trial court level. *See, e.g.*, *Henley v. State*, 749 So. 2d 246, 248 (Miss. Ct. App. 1999) (holding that prisoner waived sentencing disparity argument between himself and co-defendant by failing to raise it during plea or sentencing hearings); *see also Pepper v. State*, 96 So. 3d 780, 783 (Miss. Ct. App. 2012); *Shavers v. State*, 94 So. 3d 362, 364 (Miss. Ct. App. 2012). Walley neither suggests nor demonstrates that Mississippi fails to regularly apply section 99-39-21(1) to plea and sentencing hearings, so his first argument fails.

The same is true of Walley's second argument—that he raised his proportionality argument on direct appeal. The record indicates that Walley never filed a direct appeal after his

---

[1] It does not appear from the record that Walley presented these arguments to the Mississippi Court of Appeals though the State argued procedural bar.

sentencing.[2]  Instead, he waited seven months before filing a "Motion to Re-Sentence Pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act."  State Ct. R. [12-1] at 5.  The Mississippi Court of Appeals understandably found that Walley first raised this argument "pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act," thereby triggering section 99-39-21(1).  *Walley*, 25 So. 3d at 388.  There is nothing before the Court to suggest that Walley raised his proportionality argument on direct appeal, and Walley offers no argument that Mississippi fails to regularly apply section 99-39-21(1) in this context.

Walley's only other argument regarding the procedural bar is the bald statement that a "fundamental miscarriage of justice" has occurred.  Objections [15] ¶ 4.  It is true that a petitioner can overcome a procedural bar by showing "a fundamental miscarriage of justice."  *Roberts*, 681 F.3d at 605 (citations omitted).  But to do so outside the capital context, Walley must show that he is "actually innocent of the offense underlying his conviction . . . ."  *Id.* (citation and quotations omitted).  Walley never claims actual innocence.  Accordingly, the Court adopts Judge Ball's recommendation that Walley's proportionality argument is procedurally barred.[3]

---

[2]Walley was sentenced before the July 1, 2008 effective date of Mississippi Code section 99-35-101 (Supp. 2012), as amended.  Before then, "a defendant who entered a guilty plea and was sentenced could challenge the validity of his sentence on direct appeal."  *See Miller v. State*, 61 So. 3d 944, 947–48 (Miss. Ct. App. 2011) (citations omitted).

[3]In the interest of thoroughness, the Court would deny habeas relief even if Walley exhausted this claim.  The State alternatively rejected the proportionality argument on the merits, a decision that would survive the AEDPA's deferential standard.  Though Walley asserts that the appellate court's ruling was objectively unreasonable, "an unreasonable application of federal law is different from an incorrect application of federal law."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  Walley must show that the state-court decision ran "contrary to" clearly established federal law.  *Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010).  In other words, "it reache[d] a legal conclusion in direct conflict with a prior decision of the Supreme Court or . . . reache[d] a

B.     Equal-Protection Holding Was Not Objectively Unreasonable

It is somewhat difficult to tell which of the arguments in Walley's Objections relate to the equal-protection claim because the issues are merged. Most of the arguments appear to focus on proportionality, all of which are procedurally barred. Walley's most direct statement regarding equal protection is as follows:

> [T]he sentencing judge is bound to provide Walley equal protection under the law. Acceptance or rejection of a plea recommendation does not relieve a sentencing judge of his responsibility to protect the Constitutional rights of Walley. A plea bargain is based on the opinion of the prosecutor. To use the opinion of the prosecutor as the basis for the sentencing judge's failure to explain the difference in sentences imposed on Walley and his wife is objectively unreasonable. In failing to provide an explanation for the difference in sentences, the State court failed to adhere to requirements of *McGilvery v. State*, 487 [sic] So. 2d 67 (Miss. 1986) which in turn violates the precepts of *United States v. Abou-Kassem*, 78 F.3d 161 (5th Cir. 1996).[4]

Objections [15] at 2–3.

The Mississippi Court of Appeals addressed Walley's equal-protection arguments on the merits, holding that the mere comparison of sentences was not sufficient to show an equal-protection violation absent evidence of unlawful purpose and effect. *Walley*, 25 So. 3d at 390. It also noted that Bobby and Kala were not similarly situated given the plea agreements. *Id.* Walley responds with only the unsupported argument of counsel; he has not shown that the

---

different conclusion than the Supreme Court based on materially indistinguishable facts." *Id.* (citation omitted). Walley cites no Supreme Court cases addressing the proportionality issue in the factual context of this case and has not demonstrated that the alternative ruling was objectively unreasonable.

[4]Walley's reliance on the Mississippi Court of Appeals decision in *McGilvery* appears to be misplaced. *See Mock v. State*, 76 So. 3d 223, 225 (Miss. Ct. App. 2011) ("*McGilvery* is not applicable to the present case since Mock pleaded guilty . . . ." (citing *Addison v. State*, 957 So. 2d 1039, 1041 (Miss. Ct. App. 2007))). The case is also distinguishable given the trial court's explanation in the present case. Finally, Walley has not explained the constitutional issues he sees in *Abou-Kassem*.

5

equal-protection holdings were objectively unreasonable. *See McCleskey v. Kemp*, 481 U.S. 279, 298 (1987) (holding that a discriminatory purpose to adversely affect an identifiable group is necessary to establish an equal protection violation).

III.     Conclusion

Based on the foregoing, the Court concludes that the Report and Recommendation [14] should be adopted in its entirety as the opinion of the Court and Walley's petition should be dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of May, 2013.

                                               s/ *Daniel P. Jordan III*
                                               UNITED STATES DISTRICT JUDGE